CALIPHURNIA B. PHELPS ET AL V. ROBERT E. FRAZER, CIRCUIT JUDGE OF WAYNE COUNTY.

GARNISHMENT PROCEEDINGS—DISMISSAL OF FOR LACHES IN BRINGING STATUTORY ISSUE TO TRIAL.

Relators applied for *mandamus* to compel the respondent to vacate an order dismissing garnishment proceedings for failure of relators to bring statutory issue to trial. An order to show cause was granted, and on the hearing had October 20, 1896, on petition and answer a writ of *mandamus* was denied.

*Bowen, Douglas & Whiting*, for relators, contended:

1. That the motion to dismiss was based upon the statement that relators had failed to have the statutory issue placed on the court docket, and to have the trial of the same continued from term to term; that in answer to said claim relators say that said issue was not reached for trial during the term at which judgment against the principal defendant was taken; that said issue was placed on the court docket for each of the subsequent terms, but was not reached, nor had it been reached when said motion was made; that no attempt to continue said proceedings from term to term was made except by serving notices of trial of said issue on the garnishees, filing notes of issue, and having the notes placed upon the court docket; citing *Blake v. Hubbard*, 45 Mich. 4; *Webber v. Bolte*, 51 Id. 114.

[The brief follows the petition as to the issue being on docket, but the respondent in his answer squarely traverses said allegation. EDITOR.]

2. That as relators' attorneys, at the request of the garnishees, drafted and filed the disclosure, upon which their names appeared as attorneys for the garnishees, said attorneys became and were attorneys of record for said garnishees; that said garnishees could not make said motion to dismiss unless by and with the consent of said attorneys, or until after such time as some other attorney had been substituted in their place as attorney for said garnishees; that it appears that, although said attorneys had requested said garnishees to obtain other attorneys to represent them, they had not done so, or at least had never notified said attorneys to that effect, or had any change made in that regard on the record, and, indeed, no such change has as yet been made, as Wisner & Harvey, the attorneys who made said motion, appeared specially for the purposes of said motion.

3. That the case had been continued from term to term in such a way as to meet any statutory requirement; that though this had not been done, the motion to dismiss was improper so long as the appearance of said garnishees had been entered of record.

*Wisner & Harvey*, for respondent, contended:

1. That the answer of the respondent shows that the statutory issue was not on the docket at the term in which judgment was rendered in the principal suit, nor at any subsequent term; that How. Stat. § 8070, contemplates a speedy trial of the question of the liability of the garnishee defendant; citing *Blake v. Hubbard*, 45 Mich. 1; *Kelly v. Bertrand*, 67 Id. 332; *Meigs v. Weller*, 90 Id. 629.

2. That in the latter case the Court held that the attorney for the garnishee waived the right to have the proceedings dismissed by accepting an attorney fee on a continuance; that in the case at bar there was no waiver; that it appears from the disclosure that a third person is interested in the money due from the garnishee defendants, and this Court held in *Blake v. Hubbard*, 45 Mich. 1, that a garnishee cannot waive the rights of other persons.

The facts as established by the petition and answer were:

*a*—That on or about January 20, 1894, relators sued the Detroit Pie Company in *assumpsit* in the Wayne circuit court, and garnished Harry J. Sequin and Henry J. Boerth, said writ of garnishment being returnable February 6, 1894.

*b*—That on February 19, 1894, the garnishees filed their disclosure, which was indorsed as follows:

"No. 33070.

Wayne Circuit Court.

Caliphurnia B. Phelps et al.,

vs.

Detroit Pie Company,
Principal Defendant,

Harry J. Sequin, Garnishee Defendant.

Disclosure.

Filed Feb. 21, 1894.

Wm. E. Fenwick, Dep. Clerk.

Bowen, Douglas & Whiting,

Attorneys and Counselors,

Detroit, Michigan.

For..................."

[The same indorsement was set up in the petition for *mandamus* as appearing on said disclosure, with the addition of the words "Garnishee Defendants," after word "For" at commencement of blank line. It appears by an examination of the petition for *mandamus* and the memorandum brief filed in support thereof that Bowen, Douglas & Whiting use a paper back for papers filed by them in their cases, at the bottom of which their firm name is printed as above below the words "Dep. Clerk."—EDITOR.]

That in said disclosure, which was made by Harry J. Boerth for his firm, said garnishees denied that at the time of the service upon them of the writ of garnishment they were indebted to the principal defendant; that they further stated that at the time of such service they had in their possession certain personal property, describing it, used in the pie baking business, which they had taken from the principal defendant on September 13, 1893, by bill of sale, subject to a chattel mortgage for $1,800, dated July 28, 1893, given by the principal defendant to Mary Neubronner, to whom, prior to such service, they had paid to apply on said mortgage the sum of $300; that, except as thus stated, they had not in their hands, or in their custody or under their control, any goods, chattels, credits, money and effects belonging to the principal defendant.

*c*—Relators stated in their petition that said disclosure was, at the request of said garnishees, drawn by Bowen, Douglas & Whiting, the attorneys for relators, as to which matter the respondent in his answer averred a want of knowledge, but attached to said answer a certified copy of the affidavit of one of the garnishees, filed at the time of the hearing of the motion to dismiss the garnishment proceedings, in which he averred that the garnishees did not appear by attorney.

*d*—That on January 30, 1895, judgment was rendered in favor of relators in the principal suit for $1,497.07 damages, with costs to be taxed.

*e*—That the statement in said petition that relators, through their attorneys, requested said garnishees to obtain other attorneys to represent them is true, but said request was not made until March 20, 1896.

*f*—That the statutory issue framed in said garnishment proceedings was not on the docket for the January, April, June, and September, 1895, nor the January, 1896, terms of court; that the records of said court do not show that notes of issue were filed for said terms, nor that said statutory issue was continued for trial from term to term.

*g*—That on March 26, 1896, said garnishees, by Wisner & Harvey, their attorneys, who appeared for the purposes of said motion only, moved the court to dismiss said garnishment proceedings for the reason that four terms of court had intervened since the term at which relators recovered judgment, and relators had failed to have said statutory issue placed on the docket of said court for trial, or to have the same continued from term to term.

*h*—That on April 6, 1896, said motion was argued before respondent by F. C. Harvey, counsel for said garnishees, and by counsel for relators, and submitted for decision; that on June 23, 1896, respondent granted said motion, with all of the costs thereof against relators.